IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY STAGE, by and through his next of kin, KAREN STAGE )<br><br>  Plaintiff, )<br><br>vs. )<br><br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF VETERAN'S AFFAIRS d/b/a )<br>JOHN J. PERSHING VA MEDICAL CENTER )<br> **Serve: United States Attorney** )<br>  **Eastern District of Missouri** )<br>  **Thomas Eagleton US Courthouse** )<br>  **Jeffrey B. Jenson** )<br>  **111 South 10th Street, 20th Floor** )<br>  **St. Louis, MO. 63102** )<br><br>  **Attorney General of the United States** )<br>  **Jeff Session** )<br>  **10th and Constitution Ave, N.W.** )<br>  **Washington, DC 20530** )<br><br> and )<br><br>CHUN KAR HUNG, M.D. )<br>  **Serve: David Ellington** )<br>   **Brown & James PC** )<br>   **800 Market Street, Suite 1100** )<br>   **St. Louis, MO.  63101** )<br><br>   Defendants. ) | Cause No.:<br><br>**JURY TRIAL DEMANDED** |

## **PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff Karen Stage, by and through her undersigned counsel, and for her Complaint against Defendants United States of America and Chun Kar Hung, M.D., states as follows:

## INTRODUCTION

1. That this is an action against the Defendants United States of America and Chun Kar Hung, M.D. under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with the medical care provided to Decedent Gary Stage by the Department of Veterans Affairs at the John J. Pershing VA Medical Center, and against Defendant Chun Kar Hung, MD pursuant to the laws of the State of Missouri.

2. That the claims herein are brought against the Defendants pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries and wrongful death caused by the Defendants' negligence, and pursuant to the Laws of the State of Missouri.

3. That Plaintiff Karen Stage has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1*.

4. This suit has been timely filed, in that Plaintiff Stage timely served notice of her claim on the Department of Veterans Affairs, the United States Department of Justice, and Chun Kar Hung, M.D. less than three years after the incident forming the basis of this suit.

5. That Plaintiff Karen Stage received her notice of denial from the Department of Veterans Affairs, the United States Department of Justice on September 19, 2016. *Exhibit 2*

6. That Plaintiff Karen Stage, on March 10, 2017, and within the allowed statutory period, sent via email and certified mail, a request for reconsideration of Plaintiff's claim. *Exhibit 3*.

7. That on March 24, 2017, Plaintiff Karen Stage was sent a response from the Department of Veterans Affairs, the United States Department of Justice, advising that the

request for reconsideration was under review and that pursuant to statute, Plaintiff may not file her claim with the District Court for a six-month period of time. *Exhibit 4*.

8. That it has now been longer than six months since Department of Veterans Affairs, the United States Department of Justice has received the request for reconsideration, and to date, no final decision has been made or forthcoming. Therefore, pursuant to 28 U.S.C. §2675 this Honorable Court now has jurisdiction over Plaintiff's claims against the Department of Veterans Affairs, the United States Department of Justice and the United States of America.

## PARTIES

9. That Plaintiff Karen Stage is the lawful spouse of Gary Stage ("Decedent"), who died February 28, 2015.

10. That Plaintiff is a resident of Butler County, State of Missouri, United States of America.

11. That Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the John J. Pershing VA Medical Center located at 1500 North Westwood Blvd., Poplar Bluff, MO. 63901.

12. That Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, contractors, and staff at the John J. Pershing VA Medical Center are hereinafter collectively referred to as "Pershing VA Medical Center".

13. That at all times relevant to this Complaint, the Pershing VA Medical Center held themselves out to the Decedent and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Decedent.

14. That Defendant Chun Kar Hung, M.D. (hereinafter "Defendant Hung") is a physician licensed to practice medicine in the State of Missouri and provided medical care to Decedent at the John J. Pershing VA Medical Center.

15. That Defendant Hung was hired as a contract employee by Defendant United States of America but was also under the direction and day-to-day control of Defendant United States of America by and through the Pershing VA Medical Center.

16. That at all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, contractors, and staff, including Defendant Hung, were acting on behalf of, and in the course and scope of their employment with, the Defendant United States of America by and through the Pershing VA Medical Center.

**JURISDICTION & VENUE**

17. That this Court has jurisdiction over the parties because the claims herein arise under 28 U.S.C. §1346(b)(1).

18. That venue is proper in this Court pursuant to §28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Missouri.

**FACTUAL ALLEGATIONS**

19. That on February 11, 2015, Decedent presented to John J. Pershing VA Medical Center, Urgent Care, with complaints of nausea, vomiting, diarrhea, and abdominal pain.

20. That Defendant Hung, provided a medical evaluation and treatment for the diagnosis of Gastroenteritis and discharged Decedent on February 11, 2015.

21. That on February 16, 2015, Decedent returned to John J. Pershing VA Medical Center, Urgent Care, for persistent and worsening of his original complaints.

22. That Defendant Hung provided medical diagnosis of Gastroenteritis and admitted Decedent to the Medical Center for further evaluation and treatment.

23. That the medical evaluation included orders for laboratory and abdominal x-rays which Defendant Hung interpreted to be consistent with the diagnosis of Gastroenteritis.

24. That Decedent's condition continued to worsen over the next 24 hours.

25. That on the morning of February 17, 2015, the abdominal x-ray read by Defendant Hung was read by Dr. Kenneth McVey, Radiologist, who diagnosed Decedent with an abdominal perforation.

26. That on the morning of February 17, 2015, an abdominal CT scan was performed which confirmed the abdominal perforation diagnosed by Dr. McVey.

27. That on February 17, 2015, Dr. Cheryl Rich assumed the medical care of Decedent at which time Dr. Rich made the diagnosis of sepsis, peritonitis, and abdominal perforation.

28. That on February 17, 2015, Dr. Rich began immediate arrangements for the transfer of Decedent to a hospital with surgical capabilities.

29. That on February 17, 2015, Decedent was transferred to Poplar Bluff Regional Medical Center for emergency consultation with surgeon Dr. David Brotman.

30. That on February 17, 2015, Dr. Brotman's evaluation confirmed diagnosis of abdominal perforation, peritonitis, and sepsis.

31. That on February 17, 2015, Decedent required medical stabilization prior to emergency abdominal surgery.

32. That on February 17, 2015, Dr. Brotman performed exploratory abdominal surgery which confirmed a perforated gastric ulcer, peritonitis, and overwhelming sepsis.

33. That Decedent's postoperative course of care was complicated by the peritonitis and sepsis, ultimately resulting in his death on February 28, 2015.

**COUNT I**
**AS TO ALL DEFENDANTS**
**(WONGFUL DEATH UNDER THE FEDERAL TORT CLAIMS ACT**
**28 U.S.C. §2671, *et seq*)**

COMES NOW Plaintiff Karen Stage and for Count I of her Petition against Defendants states as follows:

34. That Plaintiff adopts and incorporates Paragraphs 1-33 as though fully set forth herein.

35. That Defendants were negligent and careless in their examination and evaluation of Decedent in the following respects, to-wit:

  a) Defendants negligently and carelessly failed to evaluate Decedent's signs and symptoms of infection on February 11, 2015, and February 16, 2015;

  b) Defendants negligently and carelessly failed to diagnose Decedent abdominal perforation, peritonitis and sepsis on February 11, 2015, and February 16, 2015;

  c) Defendants negligently and carelessly failed to order radiologic studies on February 11, 2015;

  d) Defendants negligently and carelessly failed to accurately read the abdominal x-rays on February 16, 2015;

  e) Defendants negligently and carelessly failed to obtain formal Radiology consult for interpretation of radiologic studies on February 16, 2015;

  f) Defendants negligently and carelessly failed to have a Radiologist or other physician qualified to read radiologic films at the time of their treatment of Decedent;

  g) Defendants negligently and carelessly failed to consult and/or refer, transfer Decedent to a surgeon/hospital with surgery capabilities on February 16, 2015;

  h) Defendants failed to have appropriate and adequate safeguards in place to ensure the proper evaluation of, the proper treatment of, and the safe care of Decedent.

  36. That as a direct and proximate result of the negligence of Defendants, Decedent was caused to suffer a gastric perforation, peritonitis, overwhelming sepsis and death on February 28, 2015.

  37. That as a direct and proximate result of the negligence of Defendants, Decedent was caused to suffer severe, conscious pain and mental anguish prior to his death on February 28, 2015.

  38. That as a direct and proximate result of the negligence of Defendants, Plaintiff has been caused to incur medical expenses in the approximate amount of $350,000.00 and funeral expenses as a result of the death of Decedent in the approximate amount of Five Thousand Dollars ($5,000.00).

  39. That as a direct and proximate result of the negligence of Defendants, Plaintiff has sustained pecuniary loss for the value of Decedent's services, and Plaintiff has been caused to be deprived of the loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent.

  WHEREFORE, Plaintiff Karen Stage prays for judgment against Defendants, pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq* in the amount of $750,000.00, together with her costs herein expended.

## COUNT II
## DEFENDANT CHUN KAR HUNG, M.D.
## WRONGFUL DEATH
## (Medical Negligence – Pursuant to the Laws of the State of Missouri)

COMES NOW Plaintiff and for their cause of action against Defendant state and allege as follows:

40. That Plaintiff adopts and incorporates paragraphs 1 through 39 as though fully set forth herein.

41. That at the time of his death, Decedent was survived by his wife, Plaintiff Karen Stage, who brings this cause of action as an individually as a class one beneficiary and as representative of all those within the class of those entitled to bring and maintain a wrongful death action for the death of decedent, as per the provisions of RSMo § 537.080.1(1).

42. That Defendant was a medical doctor, duly licensed to practice medicine within the state of Missouri, and was charged with the medical care of decedent at all times herein mentioned.

43. That Defendant was negligent and careless in his examination and evaluation of Decedent in the following respects, to-wit:

   a) Defendant negligently and carelessly failed to evaluate Decedent's signs and symptoms of infection on February 11, 2015, and February 16, 2015;

   b) Defendant negligently and carelessly failed to diagnose Decedent abdominal perforation, peritonitis and sepsis on February 11, 2015, and February 16, 2015;

   c) Defendant negligently and carelessly failed to order radiologic studies on February 11, 2015;

   d) Defendant negligently and carelessly failed to accurately read the abdominal x-rays on February 16, 2015;

8

  e) Defendant negligently and carelessly failed to obtain formal Radiology consult for interpretation of radiologic studies on February 16, 2015;

  f) Defendant negligently and carelessly failed to consult and/or refer, transfer Decedent to a surgeon/hospital with surgery capabilities on February 16, 2015.

  g) Defendant failed to have appropriate and adequate safeguards in place to ensure the proper evaluation of, the proper treatment of, and the safe care of Decedent.

44. That as a direct and proximate result of the carelessness and negligence of Defendant, Decedent died.

45. That as a direct and proximate result of the negligence of Defendants, Decedent was caused to suffer conscious pain and suffering and mental anguish up until the time of his death.

46. That as a direct and proximate result of the negligence of Defendant, Plaintiff has been caused to incur medical expenses in the approximate amount of $350,000.00 and funeral expenses as a result of the death of Decedent in the approximate amount of $5000.00.

47. That as a direct and proximate result of the negligence of Defendants, Plaintiff has sustained pecuniary loss for the value of Decedent's services, and Plaintiff has been caused to be deprived of the loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent.

WHEREFORE, Plaintiff states she has been damaged for which damage she prays judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of $75,000.00, together with her costs on her behalf expended.

9

**COUNT III**
**DEFENDANT CHUN KAR HUNG, M.D.**
**AGGRAVATING CIRCUMSTANCES**
**(Pursuant to the Laws of the State of Missouri)**

COMES NOW Plaintiff Karen Stage and for Count II of her Petition against Defendant Hung states as follows:

48. That Plaintiff adopts and incorporates Paragraphs 1-47 as though fully set forth herein.

49. That Defendant Hung was not qualified to read/interpret radiologic studies on February 16, 2015.

50. That Defendant Hung read/interpreted the abdominal x-ray taken of Decedent on February 16, 2015, knowing he was not qualified to do so.

51. That Defendant Hung, in so doing, erred in failing to make life threatening diagnosis of which showed a complete indifference and a conscious disregard for the health and safety of Decedent.

WHEREFORE, Plaintiff Karen Stage prays for judgment against Defendant Chun Kar Hung, M.D. in an amount that will serve to punish Defendant and to deter Defendant and others from like conduct, in an amount that is fair and reasonable in excess of $75,000.00, together with her costs herein expended.

THE LAW FIRM OF DOREEN A. GRAHAM, LLC

By: /s/ Doreen A. Graham
    Doreen A. Graham #34171MO
    10024 Office Center Ave., Suite 202
    St. Louis, MO 63128
    (314) 241-0999 phone
    (314) 297-0939
    Attorney for Plaintiffs
    d.graham@dagrahamlaw.com

A.G. LARAMORE LLC

    /s/ Anthony G. Laramore
    Anthony G. Laramore #63017MO
    10024 Office Center Avenue, Suite 202
    St. Louis, MO 63128
    Phone: (314) 241-0999
    Fax: (314) 297-0939
    agl@laramorelaw.com

*ATTORNEYS FOR PLAINTIFF*